**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michaels Wilder, Inc., an Arizona corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>Curt Ogieglo and Donna Ogieglo, husband and wife; Yellow Page Logic, Inc., an Idaho entity,<br><br>       Defendants. | No. CV-09-0033-PHX-DGC<br><br>**ORDER** |

Michaels Wilder, Inc. ("Wilder") places yellow page ads for other businesses. Curt Ogieglo worked for Wilder for more than a decade until he left in 2005 to start a competing business, Yellow Page Logic, Inc. ("Yellow Page"). In October 2007, one of Wilder's largest clients, Simply Self Storage, Inc. ("Simply"), switched from Wilder to Yellow Page. Wilder claims that Ogieglo wrongfully induced his former co-worker and Wilder employee, Stephanie Whitaker, to breach her covenant not to compete and fiduciary duties by diverting Simply to Yellow Page. Wilder filed suit against Ogieglo and Yellow Page, asserting breach of contract, aiding and abetting breach of fiduciary duty, and unfair competition claims. Doc. 1-1 at 4-24.

Defendants have filed a motion for summary judgment. Doc. 64. The motion is fully briefed. Docs. 66, 70. For reasons stated below, the motion will be denied.[1]

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1   Summary judgment is appropriate, Defendants contend, because Wilder has presented
2   no evidence of causation.  Defendants offer evidence showing that Simply's decision to
3   switch to Yellow Page was legitimately based on the better terms and service it offered and
4   dissatisfaction with Wilder, that this decision was made prior to any efforts on the part of
5   Whitaker to facilitate the change, and that no one at Yellow Page had knowledge of
6   Whitaker's involvement.  Asserting that these facts are undisputed and the facts presented
7   by Wilder are immaterial and without support, Defendant argues that there is no genuine
8   issue for trial.

9   The Court could agree only by accepting Defendants' evidence as true and drawing
10  inferences and making credibility determinations in their favor.  But "[c]redibility
11  determinations, the weighing of evidence, and the drawing of inferences from the facts are
12  jury functions, not those of a judge . . . ruling on summary judgment[.]" *Anderson v. Liberty*
13  *Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The evidence of the nonmoving party is "to be
14  believed, and all justifiable inferences are to be drawn in his favor." *Id.*; *see* Fed. R. Civ. P.
15  56(c)(2).  Accepting Wilder's evidence as true, and drawing all reasonable inferences in its
16  favor, the Court finds a triable issue as to causation.

17  The former director of marketing for Simply, DJ Hobek, has stated that she made the
18  decision to change agencies "during late summer or early fall 2007[.]" Doc. 65-5 at 2, ¶ 4.
19  Emails and other correspondence during this same time period, when construed in Wilder's
20  favor, show that the decision was made no earlier than September 6, 2007, that Whitaker
21  played a key role in the decision and acted as a liaison between Yellow Page and Simply both
22  before and after the decision was made and while still employed by Wilder, that Ogieglo and
23  one of his employees, Carrie Crookham, encouraged Whitaker's involvement in the decision
24  and the transition of the Simply account from Wilder to Yellow Pages, and that there were
25  plans for Whitaker to leave Wilder and join Yellow Pages if it were able to get the Simply
26  account.

27  On September 4, 2007, six weeks before Wilder terminated her employment, Whitaker
28  wrote Hobek regarding sponsorship of a party.  In pertinent part, the email states:

> Which company do you want to sponsor? I would really like Yellow Page Logic to sponsor – it would be a great opportunity for all of you to meet and to get to know each other. You will absolutely love Carrie and Curt. *Carrie has asked me several times, if she and I can come to Florida and meet with you* before the party was even brought up. We are willing to come at any time you have available.

Doc. 69-3 at 5 (emphasis added).[2] When Hobek wrote the next day stating that she had misplaced the information Whitaker had sent her about the "new agency," Whitaker replied:

> Okay – incentives. The financial incentives are that you will continue to receive all publisher discounts, I will fight for every low price that is available and then twist their arm to get you more. . . . Yellow Page Logic has a base rate that is 2% lower than Michaels Wilder. . . . You will have a dedicated team on your account – *namely me and Carrie* (who trained me and has 9 years under her belt. Curt (the CEO) has over 15 years experience in the yellow page industry, where his main focus has been Storage. He has written articles and presented at several SSA events in the past – basically he was *and still is my biggest mentor*.
>
> The service side is that I will continue to take this mess off your plate. Nothing will change on your side – except who the bills come from. *YPL utilizes the same system for reporting and transmitting orders, so anything you receive from me will continue to look exactly the same (of course except for the logo that appears on top!)* I will work directly with your accounting department to insure that there is a seamless transition – if any problems arise I will take care of it.

*Id.* at 7 (emphasis added).

On September 25, 2007, Hobek sent Whitaker a copy of the signed the service agreement with Yellow Page and Whitaker forwarded it to Ogieglo and Crookham. *Id.* at 46-52. Emails show that Whitaker, with Ogieglo's approval, had a hand in drafting the letter to Wilder explaining why Simply was changing agencies. In asking Ogieglo to review a draft of that letter on October 3, 2007, Whitaker noted that she "took some of the bite out of it" because "it is supposed to be from DJ." *Id.* at 61. Ogieglo thought it looked fine given that Whitaker "[knew] the situation better than anybody." *Id.* at 60. A few days after Whitaker sent the letter to Hobek, Ogieglo asked Whitaker about its status and whether Hobek had any issues with it. *Id.* at 66. The letter was finalized and sent to Wilder on

---

[2]Yellow Page was the chosen sponsor, as evidenced by the September 13, 2007 email exchange between Whitaker and Crookham regarding Yellow Page's logo and payment. *Id.* at 12.

- 3 -

October 10, 2007. *Id.* at 72. The reasons stated in the letter as to why Simply had changed agencies reasonably can be construed as pretextual. The letter praises Whitaker, but makes no mention of her role in the transfer. *Id.* In an email dated October 22, 2007, Hobek asked Crookham for "ammo" to justify the decision (Doc. 69-4 at 2), and Crookham obliged (*id.* at 4).

Whitaker clearly had concerns about facilitating Simply's move to Yellow Pages while still working for Wilder, and she made this known to Ogieglo. She asked Ogieglo to use her personal email rather than her work one because it "[m]ight be a little hard to explain." *Id.* at 63. Ogieglo responded, "OK my bad." *Id.*

Defendants contend that they never asked Whitaker to help them obtain Simply's business and they were capable of doing so on their own. Doc. 64 at 10. The evidence reasonably can be construed to show otherwise.

All that is required to survive summary judgment "'is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Anderson*, 477 U.S. at 249 (citation omitted). The Court's function at the summary judgment stage is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* The Court concludes that there is, and therefore will deny summary judgment.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Doc. 64) is **denied**.
2. The motions to strike (Docs. 71, 73, 77) and motions for leave to respond and file an amended reply (Docs. 72, 76) are **denied**.
3. The Court will set a final pretrial conference by separate order.

DATED this 4th day of October, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge

- 4 -